# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                              Criminal No. 13-61 DSD/AJB

             Plaintiff,

v.                                               **REPORT AND RECOMMENDATION**

BRIAN LUKE BROULIK,

             Defendant.

         Kevin S. Ueland, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

         Manny K. Atwal, Esq., Assistant Federal Defender, for the defendant, Brian Luke Broulik.

This action came on for hearing before the Court, Chief Magistrate Judge Arthur J. Boylan, on May 30, 2013, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. The court issued an Order on Motions dated May 30, 2013, reserving defendant Brian Luke Broulik's motion to suppress statements and motion to suppress search and seizure evidence for submission to the district court on report and recommendation.

Based upon the file and documents contained therein, along with witness testimony and exhibits received at hearing, the magistrate judge makes the following:

**Findings**

         **May 21, 2012, Residence Search Warrant.** On May 21, 2012, United States Magistrate Judge Franklin Noel issued a warrant to search a particularly identified rural residence having a Blooming Prairie, Minnesota address (Gov't Hrg. Ex. 5). The location is further described in the supporting affidavit as the residence of Brian Broulik, a grayish brown

house with an attached two-car garage. The search warrant identified the objects of the warrant as computers and images of child pornography as further described in detail to include computer systems and peripheral devices; cell phones; compact disks and other data storage media; operating manuals; game consoles; web cameras; digital video equipment; passwords and security devices which may be used to depict, distribute, receive, or possess child pornography. Warrant objects also included books and magazines, movies and films, and any other visual depictions of minors engaged in sexual conduct; documents and records pertaining to possession and distribution of visual depictions of minors engaged in sexual activity transmitted by computer to include electronic messages, documents evidencing transactions, address and mailing information, records of names and addresses of visually depicted minors; and records relating to Internet usage and communications. In addition, the warrant authorized seizure of credit card information, evidence of premises occupation, evidence of computer equipment ownership, evidence indicating actual computer user(s) and software virus protections, passwords and encryptions, and documents that would assist in examination of a computer.

The warrant was issued on the basis of probable cause contained in the Affidavit of FBI Special Agent Richard T. Holden, including information provided by an undercover special agent involved in an FBI investigation in Maryland, who had observed computer images indicating child pornography which were traced to an IP address suggesting a Blooming Prairie, Minnesota location. The application further stated evidence obtained by administrative subpoena which identified Brian Broulik as the account holder for the specified IP address, at the indicated residence address. The warrant application describes observed images which are asserted to construe child pornography and references Broulik's criminal history and sex

offender registration.

The warrant to search the residence was executed on May 24, 2012, at approximately 6:25 a.m. Twelve agents and officers, including FBI Special Agent Holden, participated in the execution of the warrant. There was no one at the home when agents arrived and entry was made through a sliding glass door.[1] The door did not appear to be locked, but officers were required to jiggle and otherwise manipulate the door to get it open and allow entry. A laptop computer, a smart phone, a camera, and computer discs were found. Defendant's roommate, Gary Gardner, arrived at the scene after entry had been accomplished. Mr. Gardner indicated that the laptop computer belonged to him. The devices were examined at the scene and no unlawful pornographic material was found on the devices found in the home. Gardner advised agents that Broulik owned a black Dell laptop computer, drove a 2003 Chevy Impala, and could likely be found at his place of employment, Seneca Foods, located in Rochester, Minnesota.

**May 24, 2012, Vehicle and Person Search Warrant.** On May 24, 2012, at 1:30 p.m., United States Magistrate Judge Franklin Noel issued a warrant to search a particularly identified motor vehicle and the person of Brian Broulik (Gov't Hrg. Ex. 4). The search warrant identified the same objects of the warrant as were described in the residence search warrant (Ex. 5) that was previously executed that morning.

The warrant was issued on the basis of probable cause contained in the Affidavit of FBI Special Agent Charles Burnham, and contains the same probable cause information that was stated in the previously executed warrant, i.e. information provided by the Maryland

---

[1] Photographs, Def. Hrg. Ex. 2-4.

undercover special agent; evidence obtained by administrative subpoena identifying Brian Broulik as the account holder for the specified IP address, at the indicated residence address; and descriptions of observed images of child pornography. In addition, the application referenced the recently executed residence warrant and seized evidence, and recited information obtained from Mr. Broulik's roommate regarding the defendant's ownership of a laptop computer, the defendant's vehicle, and the defendant's place of employment.

The vehicle and person search warrant was executed on May 24, 2012, at 2:00 p.m. Four officers and agents including FBI Special Agent Holden, went to defendant Broulik's place of employment, Seneca Foods, and found the defendant at his work station on the second floor (Gov't Hrg. Ex. 3).[2] Broulik was advised that he was not under arrest. He produced his car keys upon request and his person was searched pursuant to the warrant. The keys were used to open his car and the vehicle was likewise searched pursuant to the warrant.

**May 24, 2012, Statements.** The work area in which the defendant was located had a separate room which contained two desks pushed against one another with chairs across from each other (Gov't Hrg. Ex. 3). The defendant suggested by motioning that he and the officers go into that room to speak privately. Defendant Broulik entered the room first and sat at a chair farthest from the door. He was not directed to any specific seat. Steele County Deputy Sheriff Darrin Helget also entered the room. Special Agent Holden sat across the abutting desks from defendant, approximately six feet away. The door remained open. Broulik was advised that his car was being searched. He was not told that he could leave or could refuse to answer questions. FBI Special Agent Rohrbaugh also came and went from the room during the ensuing

---

[2] Work area floor diagram.

interview and participated in the questioning (Gov't Hrg. Ex. 1 and Ex. 2).³ Special Agents Holden and Rohrbaugh were dressed in business casual attire. They were armed but weapons were not displayed. Deputy Helget was in uniform and his sidearm was visible. Defendant Broulik was not told that he was under arrest and was not given the Miranda rights advisory. He was not placed in handcuffs or otherwise restrained. The defendant was advised that the interview was being recorded with a device in Deputy Helget's possession. Questioning was straightforward as to the reason for the police visit. The tone of the interview was casual and conversational. Mr. Broulik remained calm, and responded to questions, but he did not answer all questions. Approximately 35 minutes into the interview the defendant stated that he wanted an attorney and the interview was stopped.

While the interview was taking place other officers searched the defendant's vehicle. A Dell laptop computer and a thumb drive were seized from the car. An on-site examination of the seized devices revealed materials that appeared to constitute child pornography. FBI agents did not arrest Broulik, but he was arrested by Deputy Helget at the conclusion of the interview, after officers became aware of the incriminating evidence. Also, during the course of the interview agents became aware of a Motorola smart phone located on a desk in the room outside of the interview area. The defendant was asked for his consent to a search of the phone and he declined to give such consent. Special Agent Holden then called Assistant U.S. Attorney Laura Provinzino for guidance on handling the smart phone. The agent was advised to again seek consent, and defendant again denied consent. The AUSA thereafter advised in a second call that officers seize the phone based upon exigent circumstances such that

---

³ Ex. 1 is a CD audio recording. Ex. 2 is a transcript of the audio recording.

the device was located in an open office area and could be lost, or data could be remotely erased. The phone was seized but was not searched at that time.

**May 25, 2012, Motorola Smart Phone Search Warrant.** On May 25, 2012, at 9:00 a.m., United States Magistrate Judge Franklin Noel issued a warrant to search a particularly described Verizon Motorola Droid smart phone (Gov't Hrg. Ex. 6). The search warrant identified the same objects of the warrant as were described in the residence search warrant and the vehicle/person search warrant that were executed the previous day.

The warrant was issued on the basis of probable cause contained in the Affidavit of FBI Special Agent Charles Burnham which references evidence obtained in the execution of the warrant to search defendant Broulik's vehicle, including incriminating evidence revealed upon examination of a thumb drive seized from the car. The affidavit also referenced statements made by the defendant in the previous day's interview. Evidence was seized pursuant to execution of the phone search warrant.

**June 7, 2012, Google Search Warrant.** On June 7, 2012, Olmsted County District Court Judge Robert Birnbaum issued a warrant for the seizure of information relating to Google e-mail accounts belonging to Brian Luke Broulik (Gov't Hrg. Ex. 12). The search warrant identified the information requested as location data for GPS signals sent by cellular device; basic subscriber information; user communications, including the contents of private messages; stored images and documents; and chat logs. The warrant was issued on the basis of probable cause contained in the Affidavit of Olmsted County Sheriff's Office Detective Mike Ranfranz, including evidence obtained in the execution of the federal warrants to search a Motorola phone and defendant's vehicle, from which a Dell laptop and thumb drive were seized.

6

**June 8, 2012, Photo Warrant.** On June 8, 2012, Olmsted County District Court Judge Kevin A. Lund issued a warrant authorizing the taking of photographs and body measurements of the person of Brian Luke Broulik for comparison purposes (Gov't Hrg. Ex. 8). The search warrant identified and physically described the defendant as the subject of the search. The warrant was issued on the basis of probable cause contained in the Affidavit of Olmsted County Sheriff's Office Detective Mike Ranfranz, including evidence obtained in the execution of the federal warrants to search a Motorola phone and defendant's vehicle, from which a Dell laptop and thumb drive were seized. The probable cause evidence was substantially the same a the evidence contained in the June 7, 2012, Google warrant affidavit, with additional information relating to results of image identification analysis by NCMEC (National Center for Missing and Exploited Children).

**June 12, 2012, Verizon Wireless Search Warrant.** On June 12, 2012, Olmsted County District Court Judge Joseph Chase issued a warrant for the seizure of information relating to a Verizon Wireless account belonging to Brian Luke Broulik (Gov't Hrg. Ex. 7). The search warrant identified the information requested as subscriber and billing information, e-mail addresses, location date, picture content and picture activity report, and text activity. The warrant was issued on the basis of probable cause contained in the Affidavit of Olmsted County Sheriff's Office Detective Mike Ranfranz, including evidence obtained in the execution of the federal warrants to search a Motorola phone and defendant's vehicle, from which a Dell laptop and thumb drive were seized. The application also references interview information provided by a child sex assault victim.

**June 13, 2012, Bank Document Search Warrant.** On June 13, 2012, Olmsted

County District Court Judge Williamson issued a warrant for the seizure of documents from Wells Fargo Bank and U.S. Bank in Rochester, Minnesota (Gov't Hrg. Ex. 9). The search warrant identified the information requested as bank documents and statements, and debit and credit card documents for accounts belonging to Brian Luke Broulik. The warrant was issued on the basis of probable cause contained in the Affidavit of Rochester Police Investigator Jared Pankratz, including evidence obtained in the execution of the federal warrants to search a Motorola phone and defendant's vehicle, from which a Dell laptop and thumb drive were seized. The affidavit also contained the evidence obtained from NCMEC and further contained information obtained in a child victim interview conducted on June 12, 2012.

**June 14, 2012, Calendar Search Warrant.** On June 14, 2012, Olmsted County District Court Judge Casey J. Christian issued a warrant for the seizure of a specifically designated 2012 calendar from an address in Blooming Prairie, Minnesota (Gov't Hrg. Ex. 14). The warrant was issued on the basis of probable cause contained in the Affidavit of Steele County Sheriff's Deputy Darrin Helget, including evidence obtained in the execution of the federal warrants to search defendant's residence; to search a Motorola phone; and to search defendant's vehicle, from which a Dell laptop and thumb drive were seized. The affidavit also contained evidence obtained from NCMEC, information obtained in a child victim interview conducted on June 12, 2012, and information obtained from the defendant's roommate during a prior search of the same Blooming Prairie residence.

**June 15, 2012, Yahoo Account Search Warrant.** On June 15, 2012, Olmsted County District Court Judge Mary Leary issued a warrant for the seizure of information relating to Yahoo e-mail accounts belonging to Brian Luke Broulik (Gov't Hrg. Ex. 10). The search

8

warrant identified the information requested as basic subscriber information, including log on and billing information; location data for GPS signals sent by mobile device; user communications, including the contents of private messages; stored images and documents; and chat logs.  The warrant was issued on the basis of probable cause contained in the Affidavit of Olmsted County Sheriff's Office Detective Mike Ranfranz, including evidence obtained in the execution of the federal warrants to search a Motorola phone and defendant's vehicle, from which a Dell laptop and thumb drive were seized.  The affidavit also contained evidence obtained from NCMEC, and information obtained in a child victim interview conducted on June 12, 2012.

**June 27, 2012, Work Desk Search Warrant.**  On June 27, 2012, Olmsted County District Court Judge Christina Stevens issued a warrant for the search of defendant Brian Broulik's work desk and assigned storage lockers at Seneca Foods  (Gov't Hrg. Ex. 11).  The search warrant identified the evidence to be seized as contact information for male co-workers at defendant's place of employment.  The warrant was issued on the basis of probable cause contained in the Affidavit of Olmsted County Sheriff's Office Detective Mike Ranfranz, including evidence obtained in the execution of the federal warrants to search defendant's residence; a Motorola phone; and defendant's vehicle, from which a Dell laptop and thumb drive were seized.  The affidavit also contained evidence obtained from NCMEC, and information obtained in a child victim interview conducted on June 12, 2012.  The affidavit further included particularized evidence obtained by forensic examination of the Motorola cell phone, information obtained in the execution of Google and Yahoo search warrants, and the contents of incriminating chat messages recovered from the cell phone.

9

**June 28, 2012, Facebook Search Warrant.** On June 28, 2012, Olmsted County District Court Judge Kevin Lund issued a warrant for the seizure of information from defendant Brian Luke Broulik's Facebook account (Gov't Hrg. Ex. 13). The search warrant identified the information requested as basic subscriber information, including user identification number, e-mail addresses, account creation date, recent logins, mobile number, profile contact information, messages sent and received, and any images or videos contained in the account. The warrant was issued on the basis of probable cause contained in the Affidavit of Olmsted County Sheriff's Office Detective Mike Ranfranz, including evidence obtained in the execution of the federal warrants to search a Motorola phone and defendant's vehicle, from which a Dell laptop and thumb drive were seized. The affidavit also contained evidence obtained from NCMEC, and information obtained in a child victim interview conducted on June 12, 2012. The affidavit further included particularized evidence obtained by forensic examination of the Motorola cell phone, information obtained in the execution of Google and Yahoo search warrants, and the contents of incriminating chat messages recovered from the cell phone.

Based upon the foregoing Findings, the magistrate judge makes the following:

## Conclusions

**Interview Statements.** Defendant Brian Luke Broulik's recorded statements to FBI Special Agent Richard Holden and Steele County Deputy Sheriff Darrin Helget at the defendant's place of employment on May 24, 2012 (Gov't Hrg. Ex. 1 and Ex. 2), were not made while defendant was under arrest or in a custodial setting. The interview was conducted and statements were made while law enforcement officers were executing a warrant to search the defendant's person and his vehicle, primarily for computer based evidence relating to child

pornography activities. Defendant Brian Broulik's consent to questioning was voluntary and willing. The detectives were lawfully at the defendant's work place and the interview was not coerced in any respect. Defendant's statements were freely and voluntarily provided; the statements were not the result of promises, threats, or coercion; and the statements were not otherwise obtained in violation of Brian Broulik's constitutional rights, including the right to counsel and the right to remain silent. Moreover, questioning ceased immediately upon the defendant's statement that he wanted an attorney, and the interview record (Gov't Hrg. Ex. 1 and Ex. 2) does not reveal any statements by the defendant after the interviewing agents had been advised that incriminating evidence may have been recovered pursuant to the vehicle search. Under the circumstances of the interview in this instance there was no requirement that the defendant be advised of his rights per <u>Miranda</u>.

In considering whether the defendant was in custody during questioning the court must assess the totality of the circumstances. <u>United States v. Axsom</u>, 289 F.3d 496, 500 (8th Cir. 2002). Custody occurs when the subject's freedom of action is limited in any significant manner. <u>Id.</u> (citing <u>United States v. Griffin</u>, 922 F.2d 1343, 1347 (8th Cir. 1990) and <u>Miranda v. Arizona</u>, 384 U.S. 436, 444, 86 S.Ct. 1602 (1966)). The court must consider the presence and extent of physical and psychological restraints upon the subject's liberty during questioning and thereafter determine whether a reasonable person in the suspect's situation would have understood that he was indeed in custody. <u>Axsom</u> at 500 (citing <u>Griffin</u>, 922 F.2d at 1347). Indicia which are commonly applied in determining custody are:

> (1) whether the suspect was informed that the questioning was voluntary and that the subject was free to leave or request that officers leave, or that the suspect was not under arrest; (2) whether the suspect possessed unrestrained freedom during questioning; (3) whether the suspect initiated contact with law enforcement or

11

> voluntarily acquiesced to requests for responses to questions; (4) whether strong arm tactics or deception were used during questioning; (5) whether the atmosphere of the questioning was police dominated; or (6) whether the subject was arrested at the conclusion of questioning.

Id., (citing Griffin at 1349).

With respect to the Griffin factors, the defendant had been advised that he was not under arrest; the defendant was not placed in handcuffs or otherwise physically restrained during questioning, and no representations were made as to whether or not he could leave; and the defendant voluntarily responded to questions. While the absence of strong mitigating circumstances prevents a clear basis for finding that the defendant was not in custody, the mitigating factors nonetheless weigh against a determination that the defendant was in custody, and the factors certainly to not mandate a finding that the defendant was in custody. As to factors relating to the aggravating conduct of agents, there were no strong arm tactics used by the agents and the method of questioning was not deceptive. The atmosphere of the questioning was somewhat police dominated, but not to a degree that the atmosphere or the environment was oppressive, and although the defendant was arrested at the conclusion of the interview, the arrest was based upon information obtained while the interview was in progress and was not a pre-determined outcome. The aggravating factors do not weigh in favor of a conclusion that Mr. Broulik was in custody or that his statements were not made voluntarily. The court finds no constitutional justification for suppression of statements made by Brian Broulik at his place of employment.

**Residence Search Warrant.** Evidence seized pursuant to a warrant to search the defendant's residence in rural Blooming Prairie, Minnesota (Gov't Hrg. Ex. 5), was not unlawfully obtained in violation of the constitutional rights of defendant Brian Broulik. The

12

search warrant was issued on May 24, 2012, and was based upon sufficient probable cause as stated in the Affidavit of FBI Special Agent Richard T. Holden and as determined by United States Magistrate Judge Franklin Noel. The warrant properly and sufficiently identified the location of the searches and the items to be seized, and the warrant adequately stated a nexus between the objects of the search and the places to be searched. The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**May 24, 2012, Vehicle and Person Search Warrant.** Evidence seized pursuant to a warrant to search the defendant Brian Broulik's person and his vehicle (Gov't Hrg. Ex. 4), was not unlawfully obtained in violation of the constitutional rights of the defendant. The search warrant was issued on May 24, 2012, and was based upon sufficient probable cause as stated in the Affidavit of FBI Special Agent Charles Burnham and as determined by United States Magistrate Judge Franklin Noel. The warrant properly and sufficiently identified the location of the search and the items to be seized, and the warrant adequately stated a nexus between the objects of the search and the place to be searched. The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**May 25, 2012, Motorola Smart Phone Search Warrant.** Evidence seized pursuant to a warrant to search a particularly described Verizon Motorola Droid smart phone (Gov't Hrg. Ex. 6), was not unlawfully obtained in violation of the constitutional rights of defendant Brian Broulik. The search warrant was issued on May 25, 2012, and was based upon sufficient probable cause as stated in the Affidavit of FBI Special Agent Charles Burnham

and as determined by United States Magistrate Judge Franklin Noel. The warrant properly and sufficiently identified the property to be searched and the information that was the object of the search, and such evidence obtained as a result of searching the smart phone was not the fruit of prior unlawfully obtained statements. See Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407 (1963). The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

To the extent that defendant Broulik may contend that the initial seizure of the Motorola smart phone was unlawful because the existence and location of the phone was revealed in the context of unlawfully obtained custodial interview statements, the claim is unavailing. The court has previously concluded herein that the defendant's statements were not custodial and were voluntary. Consequently, the phone seizure was not the fruit of statements obtained in violation of the defendant's right to be informed of his rights. Moreover, the possibility of disappearance of the phone or tampering with the phone's contents through remote access constitutes an exigency that justified immediate seizure of the phone, pending further warrant to search. United States v. Place, 462 U.S. 696, 701, 103 S.Ct. 2637, 2641 (1983). See also Missouri v. McNeely, 133 S.Ct. 1552 (2013) (a totality of circumstances approach is appropriate in evaluating exigency for warrantless seizure of blood sample).

**June 7, 2012, Google Search Warrant.** Evidence seized pursuant to a warrant for the seizure of information relating to Google e-mail accounts belonging to Brian Luke Broulik (Gov't Hrg. Ex. 12) was not unlawfully obtained in violation of the constitutional rights of defendant Brian Broulik. The search warrant was issued on June 7, 2012, and was based upon sufficient probable cause as stated in the Affidavit of Olmsted County Sheriff's Office Detective

14

Mike Ranfranz and as determined by Olmsted County District Court Judge Robert Birnbaum. The warrant properly and sufficiently identified the account locations to be searched and the information that was subject to the seizure warrant, and such evidence obtained as a result of seizure of the Google account information was not the fruit of prior unlawfully obtained statements or search warrant evidence. The search warrant was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**June 8, 2012, Photo Warrant.** Evidence seized pursuant to a warrant authorizing photographs and measurements of defendant Brian Broulik's person (Gov't Hrg. Ex. 8), was not unlawfully obtained in violation of the constitutional rights of the defendant. The search warrant was issued on June 8, 2012, and was based upon sufficient probable cause as stated in the Affidavit of Olmsted County Sheriff's Office Detective Mike Ranfranz, and as determined by Olmsted County District Court Judge Kevin A. Lund. The warrant properly and sufficiently identified the location and object of the warrant. The search warrant for photos was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**June 12, 2012, Verizon Wireless Search Warrant.** Evidence seized pursuant to a warrant for the seizure of information relating to a Verizon Wireless account belonging to Brian Luke Broulik (Gov't Hrg. Ex. 7), was not unlawfully obtained in violation of the constitutional rights of defendant Brian Broulik. The search warrant was issued on June 12, 2012, and was based upon sufficient probable cause as stated in the Affidavit of Olmsted County Sheriff's Office Detective Mike Ranfranz and as determined by Olmsted County District Court Judge Joseph Chase. The warrant properly and sufficiently identified the account locations to be

searched and the information that was subject to the seizure warrant, and such evidence obtained as a result of seizure of the Verizon Wireless account information was not the fruit of prior unlawfully obtained statements or search warrant evidence. The search warrant was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**June 13, 2012, Bank Document Search Warrant.** Evidence seized pursuant to a warrant for the seizure of documents from Wells Fargo Bank and U.S. Bank in Rochester, Minnesota (Gov't Hrg. Ex. 9), was not unlawfully obtained in violation of the constitutional rights of defendant Brian Broulik. The search warrant was issued on June 13, 2012, and was based upon sufficient probable cause as stated in the Affidavit of Rochester Police Investigator Jared Pankratz and as determined by Olmsted County District Court Judge Williamson. The warrant properly and sufficiently identified the locations to be searched and the information that was subject to the seizure warrant, and such evidence obtained as a result of seizure of the Wells Fargo Bank and U.S. Bank documents was not the fruit of prior unlawfully obtained statements or search warrant evidence. The search warrant was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**June 14, 2012, Calendar Search Warrant.** Evidence seized pursuant to a warrant to search the defendant's residence in rural Blooming Prairie, Minnesota (Gov't Hrg. Ex. 14), for the sole purpose of seizing an identified 2012 calendar, was not unlawfully obtained in violation of the constitutional rights of defendant Brian Broulik. The search warrant was issued on June 14, 2012, and was based upon sufficient probable cause as stated in the Affidavit of Steele County Sheriff's Deputy Darrin Helget and as determined by Olmsted County District Court Judge Casey J. Christian. The warrant properly and sufficiently identified the location of

the search and the item to be seized, and the warrant adequately stated a nexus between the object of the search and the place to be searched. The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**June 15, 2012, Yahoo Account Search Warrant.** Evidence seized pursuant to a warrant for the seizure of information relating to Yahoo accounts belonging to Brian Luke Broulik (Gov't Hrg. Ex. 10), was not unlawfully obtained in violation of the constitutional rights of defendant Brian Broulik. The search warrant was issued on June 15, 2012, and was based upon sufficient probable cause as stated in the Affidavit of Olmsted County Sheriff's Office Detective Mike Ranfranz and as determined by Olmsted County District Court Judge Mary Leary. The warrant properly and sufficiently identified the account locations to be searched and the information that was subject to the seizure warrant, and such evidence obtained as a result of seizure of the Yahoo account information was not the fruit of prior unlawfully obtained statements or search warrant evidence. The search warrant was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**June 27, 2012, Work Desk Search Warrant.** Evidence seized pursuant to a warrant to search defendant Brian Broulik's work desk and assigned storage lockers at Seneca Foods (Gov't Hrg. Ex. 11), was not unlawfully obtained in violation of the constitutional rights of the defendant. The search warrant was issued on June 27, 2012, and was based upon sufficient probable cause as stated in the Affidavit of Olmsted County Sheriff's Office Detective Mike Ranfranz and as determined by Olmsted County District Court Judge Christina Stevens. The warrant properly and sufficiently identified the location of the search and the items to be seized, and the warrant adequately stated a nexus between the objects of the search and the place

to be searched. Furthermore, evidence obtained as a result of the search was not the fruit of prior unlawfully obtained statements or search warrant evidence. The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**June 28, 2012, Facebook Search Warrant.** Evidence seized pursuant to a warrant for the seizure of information from defendant Brian Luke Broulik's Facebook account (Gov't Hrg. Ex. 13) was not unlawfully obtained in violation of the constitutional rights of defendant Brian Broulik. The search warrant was issued on June 28, 2012, and was based upon sufficient probable cause as stated in the Affidavit of Olmsted County Sheriff's Office Detective Mike Ranfranz, and as determined by Olmsted County District Court Judge Kevin Lund. The warrant properly and sufficiently identified the account locations to be searched and the information that was subject to the seizure warrant, and such evidence obtained as a result of seizure of the Facebook account information was not the fruit of prior unlawfully obtained statements or search warrant evidence. The search warrant was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

Based upon the foregoing Findings and Conclusions, the magistrate judge makes the following:

### RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Brian Luke Broulik's Motion to Suppress Evidence Obtained as a Result Search and Seizure be **denied** [Docket No. 20]; and

2. Defendant Brian Luke Broulik's Motion to Suppress Statements, Admissions

and Answers be **denied** [Docket No. 21].

Dated:   July 15, 2013   

                                               s/Arthur J. Boylan  
                                             Arthur J. Boylan  
                                             United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before July 31, 2013.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.